WILSON ET AL., APPELLEES, *v.* STARK COUNTY DEPARTMENT
OF HUMAN SERVICES ET AL., APPELLANTS.

[Cite as *Wilson v. Stark Cty. Dept. of Human
Serv.* (1994), 70 Ohio St.3d 450.]

(No. 93–1000—Submitted May 11, 1994—Decided September 28, 1994.)

*Buckingham, Doolittle & Burroughs, James R. Brandon* and *Douglas C. Bond,* for appellees.

*Isaac, Brant, Ledman & Teetor, Mark Landes* and *Marc J. Kessler;* and *Paul F. Kutscher, Jr.,* Seneca County Prosecuting Attorney, for appellants Seneca County Board of Commissioners and Seneca County Department of Human Services.

*Tim M. Watterson,* Assistant Stark County Prosecuting Attorney, for appellants Stark County Board of Commissioners and Stark County Department of Human Services.

*Isaac, Brant, Ledman & Teetor, Mark Landes* and *Marc J. Kessler,* urging reversal on behalf of *amicus curiae,* County Commissioners Association of Ohio.

MOYER, C.J. The issue before the court is whether the immunity from civil liability conferred upon a county by R.C. Chapter 2744 extends to the county's human services department. We answer this question in the affirmative, reverse the court of appeals and reinstate the judgment of the trial court. The parties have not placed in issue the constitutionality of the provisions of R.C. Chapter 2744 involved in this case.

Political subdivisions are shielded from civil liability as provided by R.C. Chapter 2744. R.C. 2744.02(A)(1) creates a broad immunity, subject to enumerated exceptions:

"For purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

R.C. 2744.02(B) provides five exceptions to the immunity created in R.C. 2744.02(A)(1) for political subdivisions. One of the exceptions, R.C. 2744.02(B)(2), establishes liability of political subdivisions for injuries caused by negligent acts performed by employees with respect to proprietary functions. There is, however, no such general exception for governmental functions. Consequently, except as specifically provided in R.C. 2744.02(B)(1), (3), (4) and (5), with respect to governmental functions, political subdivisions retain their cloak of immunity from lawsuits stemming from employees' negligent or reckless acts. See *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 624 N.E.2d 704. There are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress as alleged in this case.

The definition of a "governmental function" expressly includes the operation of a human services department. R.C. 2744.01(C)(2)(m). Moreover, the definition of a "political subdivision" expressly includes counties. R.C. 2744.01(F). The statute is silent on whether county departments of human services are themselves political subdivisions. For the reasons stated below, however, there is no need to determine whether the defendant human services departments are political subdivisions *per se.* The departments of human services are the instrumentalities through which the political subdivisions carry out governmental functions.

The court of appeals concluded that the defendant departments of human services are not immune under R.C. 2744.02(A)(1) because they are not political subdivisions *per se,* but instead fall under the definition of "employee" found at R.C. 2744.01(B). Employees of political subdivisions can be individually liable upon a showing of malice or wanton or reckless behavior. R.C. 2744.03(A)(6). The Wilsons did not name any individual persons as defendants.

R.C. 2744.01(B) states:

" 'Employee' means an officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of his employment for a political subdivision * * *."

The General Assembly defined "employee" as an individual natural person. The rule of *noscitur a sociis,* "it is known from its associates," aids us in interpreting the language. The rule follows from the premise that "the coupling of words denotes an intention that they should be understood in the same general sense." 2A Sutherland Statutory Construction (5 Ed. Singer Rev.1992) 183, Section 47.16. It would be awkward at best to contemplate a part-time human services department, or a department acting within the scope of "his" employment. We conclude that "employee," as defined in R.C. 2744.01(B), does not include a county department of human services.

The policies underlying R.C. Chapter 2744 support this interpretation. R.C. Chapter 2744 was the General Assembly's response to the judicial abrogation of common-law sovereign immunity. *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 347, 632 N.E.2d 502, 504. The manifest statutory purpose of R.C. Chapter 2744 is the preservation of the fiscal integrity of political subdivisions. *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 550 N.E.2d 181. R.C. 2744.01(C) encompasses a wide array of governmental functions, many of which are performed by political subdivisions *through* their departments and agencies. The operation of a department of human services is just one such example.

In an action against its department of human services, the county is a real party in interest. *State ex rel. Hofstetter v. Kronk* (1969), 20 Ohio St.2d 117, 49 O.O.2d 440, 254 N.E.2d 15, paragraph three of the syllabus. A claim against a county department of human services, then, is in effect a claim against the county itself. To allow such a claim arising from the performance of a governmental function would frustrate the purpose of the statute. The burdens imposed by litigation and damage awards ultimately fall upon the same county resources regardless of whether the nominal defendant is the county board of commissioners or the county department of human services.

It is therefore unnecessary to decide whether county departments of human services are in themselves political subdivisions; when performing their usual and proper functions they are, for the purposes of R.C. Chapter 2744, integral parts of their counties. Where a county is immune under R.C. 2744.02 in its operation of a human services department, that immunity extends to the human resources department itself. Accordingly, the defendant departments of human services were entitled to summary judgment as a matter of law.

The judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

PFEIFER, J., dissenting. I agree with the majority that a county department of human services is not an "employee" as defined in R.C. 2744.01(B), and is thus not individually liable under R.C. 2744.03(A)(6) for its malicious, wanton, or reckless behavior.

While the majority's statutory interpretation is correct, I dissent because the statutory chapter it interprets, R.C. Chapter 2744, violates Section 16, Article I of the Ohio Constitution, and is thus unenforceable. For the reasons stated in my concurrence in *Garrett v. Sandusky* (1993), 68 Ohio St.3d 139, 142; 624 N.E.2d 704, 707, it is contrary to the Ohio Constitution to hold that a governmental entity is immune from suit simply by virtue of its status as sovereign.