ADAMS, Admr., et al., Appellants,

v.

CITY OF WILLOUGHBY, Appellee.

[Cite as *Adams v. Willoughby* (1994), 99 Ohio App.3d 367.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 94-L-055.

Decided Dec. 19, 1994.

*David M. Paris* and *Joel Levin*, for appellants.

*Stephen P. Bond*, for appellee.

NADER, Judge.

This is an appeal from the judgment of the Lake County Court of Common Pleas granting the motion for judgment on the pleadings of defendant-appellee, city of Willoughby, pursuant to the immunity provisions of R.C. Chapter 2744.

On August 16, 1989, a portion of a cliff located on premises owned and maintained by appellee, and known as Osborne Park, collapsed. Justin and Brendan Adams, then twelve and eight years of age, respectively, were on the cliff at the time of the collapse and became buried in dirt, sand, and debris. Both children suffered serious personal injuries. Brendan subsequently died from his injuries.

The instant action was commenced on February 25, 1993 by Michael Adams, administrator of the estate of Brendan Adams and the father of the two boys.[1] Joined as plaintiffs were Michael Adams in his individual capacity, Justin Adams, and Deborah Adams, the boys' mother. The complaint asserted survivorship and wrongful death claims, and a claim arising out of the personal injuries suffered by Justin Adams.

On December 22, 1993, appellee filed an amended answer, asserting as an affirmative defense that it was immune from suit under R.C. Chapter 2744. A motion for judgment on the pleadings was filed on January 12, 1994. Appellants filed a brief in opposition and several supplemental briefs were subsequently filed.

The trial court issued its judgment on March 8, 1994, granting the motion and dismissing the action. Appellants designate two assignments of error on appeal:

"1. The trial court erred to the prejudice of plaintiffs-appellants in granting defendant-appellee's motion for judgment on the pleadings.

"2. The trial court erred to the plaintiffs-appellants' prejudice in not holding that sovereign immunity to a defendant guilty of wanton and reckless misconduct is unconstitutional in violation of Article I, Sections 16, 2, and 5 of the Ohio Constitution."

Appellants make two arguments in support of their first assignment of error. First, it is contended that the cliff upon which the tragic accident occurred does not qualify as a "park" as defined in R.C. 2744.01(C)(2)(u), but as "public grounds" as set forth in R.C. 2744.02(B)(3). Second, it is alternatively argued that the immunity for "governmental functions" afforded by R.C. 2744.02(A)(1) was not intended by the legislature to extend to "wanton and reckless behavior."

■ Pursuant to Civ.R. 12(C), judgment on the pleadings may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. The determination of a Civ.R. 12(C) motion is limited to the allegations of the pleadings, and all material allegations contained in the complaint, with all reasonable inferences to be drawn therefrom, are to be construed in favor of the nonmoving party. *Id.*

R.C. 2744.02(A)(1) grants a broad immunity to political subdivisions of the state. See *Wilson v. Stark Cty. Dept. of Human Serv.* (1994), 70 Ohio St.3d 450, 452, 639 N.E.2d 105, 107. This provision states:

---

1. The action had been previously filed and voluntarily dismissed without prejudice.

"For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

Division (B) of the statute designates five exceptions to this grant of immunity. The second of these, R.C. 2744.02(B)(2), expressly states that political subdivisions are liable for the negligence of their employees with respect to proprietary functions. ·

"There is, however, no such general exception for governmental functions. Consequently, except as specifically provided in R.C. 2744.02(B)(1), (3), (4) and (5), with respect to governmental functions, political subdivisions retain their cloak of immunity from lawsuits stemming from employees' negligent or reckless acts. See *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 624 N.E.2d 704." *Wilson*, 70 Ohio St.3d at 452, 639 N.E.2d at 107.

R.C. 2744.01(C)(2)(u) specifies that the following activities fall under the rubric of "governmental function":

"The design, construction, reconstruction, renovation, repair, maintenance, and operation of any park, playground, playfield, indoor recreational facility, zoo, zoological park, bath, or swimming pool or pond, and the operation and control of any golf course[.]"

■ Appellants' complaint avers that the cliff upon which the injuries occurred is located within a 48.539-acre tract of land comprising Osborne Park. Nevertheless, it is argued that the cliff was not held out by appellee as being suitable for recreational use, and thus does not qualify as "park" grounds within the meaning of subdivision (u). The statutory language employed by the legislature compels the conclusion that all lands geographically located within a public park qualify for treatment under subdivision (u). The fact that certain areas of a park present dangers to the public does not remove such areas from the immunity provided to the subdivision, regardless of the existence or lack of safety precautions or warnings.

It is clear that any misfeasance or nonfeasance alleged in the complaint involves issues of the reconstruction, renovation, repair, maintenance or operation of Osborne Park. Therefore, any acts or omissions of the subdivision implicated in this action constitute governmental functions. Cf. *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 624 N.E.2d 704; *Padilla v. YMCA of Sandusky Cty.* (1992), 78 Ohio App.3d 676, 605 N.E.2d 1268.

Appellants argue, however, that the exception to immunity set forth in R.C. 2744.02(B)(3) is applicable. This provision states that:

"Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep * * * public grounds within the political subdivision open, in repair, and free from nuisance * * *."

The construction of this exception advanced by appellants, however, is at odds with the express intention of the legislature. Am.Sub.H.B. No. 205, 141 Ohio Laws, Part II, 2685, effective June 7, 1986, which first designated acts or omissions in connection with a park as a governmental function, states in Section Five:

"This act is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health, and safety. The reasons for the necessity are that, under the Political Sovereign Immunity Law, political subdivisions are civilly liable for injuries, death, or loss to persons or property negligently caused by their employees in connection with the operation of parks, playgrounds, playfields, and other recreational facilities; that at least one political subdivision has been unable to procure insurance at affordable rates to cover this potential civil liability, and consequently has closed its recreational facilities rather than operate without liability insurance; and that, due to the potential unavailability of affordable liability insurance for other political subdivisions, unless the operation of their parks, playgrounds, playfields, and certain other recreational facilities is immediately categorized as a governmental function and immunized from civil liability under the Political Subdivision Sovereign Immunity Law, these other political subdivisions also may close their facilities. Therefore, this act shall go into immediate effect."

In light of the foregoing, we conclude that R.C. 2744.02(B)(3) is inapplicable. See, also, *Nowak v. Ries* (Dec. 19, 1991), Cuyahoga App. No. 59276, unreported, 1991 WL 271353. No other exception applies to appellants' claims and, therefore, appellee is statutorily immune from suit.

Appellants' assertion that R.C. 2744.02(A)(1) was not intended to grant immunity for reckless and wanton acts must also fail. The statute states without limitation that a political subdivision is "not liable in damages in a civil action for injury, death, or loss to persons or property." Moreover, in *Wilson, supra,* the Supreme Court of Ohio indicated that the cloak of immunity conferred by the statute extends to both negligent and reckless acts. *Id.,* 70 Ohio St.3d at 452, 639 N.E.2d at 107. It further determined that there were no exceptions for the intentional torts alleged in that case.

Appellants' first assignment of error is without merit.

■ In their second assignment of error, appellants' argue that, insofar as applicable to this case, R.C. Chapter 2744 is unconstitutional under Sections 2, 5 and 16, Article I of the Ohio Constitution.

A review of the record reveals that appellants did not raise the argument of unconstitutionality with respect to Section 5, Article I. The argument is therefore waived.

In *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 355, 639 N.E.2d 31, 34–35, the court reaffirmed the proposition that the doctrine of sovereign immunity was a creature of common law, and thus an appropriate subject for legislative action. The court held that because sovereign immunity was a proper subject for legislative action when Section 16, Article I was passed, the immunity of the defendants in that case was not an infringement of a preexisting right, and was therefore constitutional. The rationale of *Fabrey* is apposite to appellants' assertion under Section 16, Article I.

R.C. 2744.01(C)(2)(u) does not violate Section 2, Article I. This provision does not involve a fundamental right or a suspect class. The preservation of fiscal integrity is a valid state interest. See *Fabrey*, 70 Ohio St.3d at 353, 639 N.E.2d at 33. The primary purpose of R.C. Chapter 2744 is to preserve the fiscal resources of political subdivisions. *Id.* We cannot find that the legislative distinctions involved bear no relation to the state's goal or that no ground can be conceived to justify them. See *id.*

Appellants' second assignment of error lacks merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.