OPINION
Appellee, Thomas Copeland, was employed as a painter with appellant the Canton City Schools. On June 16, 1995, appellee received his paycheck and noticed an error. Appellee went to appellant school's treasurer's office and got into a heated exchange with the treasurer, appellant James Reinhard. Appellant Reinhard allegedly stated "[w]e do not issue checks to people who come in here blowing smoke" and appellee allegedly responded "I've got bullets to back up the smoke."
Appellant Reinhard subsequently conferred with appellant school's counsel and the local prosecutor regarding the heated exchange. Thereafter, appellee was charged with disorderly conduct. A trial was held in the Canton Municipal Court and the charge was dismissed following the state's case-in-chief.
On September 13, 1996, appellee filed a complaint against appellants for malicious prosecution, intentional infliction of emotional distress and abuse of process. Appellant Reinhard was sued individually and in his capacity as appellant school's treasurer. On April 28, 1997, appellants filed separate motions for summary judgment claiming advice of counsel and probable cause to charge appellee. Appellant school also claimed immunity as a political subdivision pursuant to R.C. Chapter 2744. By judgment entry filed August 7, 1997, the trial court denied both motions finding genuine issues of material fact existed to defeat the summary judgment claims of advice of counsel and probable cause. The trial court did not address the immunity claim.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON A FINDING THAT GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO ONE OF THE DEFENDANTS' AFFIRMATIVE DEFENSES WITHOUT RULING ON THE REMAINING BRANCHES OF THE DEFENDANTS' MOTIONS SUCH AS WHETHER THE DEFENDANTS WERE ENTITLED TO SUMMARY JUDGMENT BASED ON SOVEREIGN IMMUNITY OR WHETHER THE DEFENDANTS WERE ENTITLED TO SUMMARY JUDGMENT ON THE MERITS OF PLAINTIFF'S CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, MALICIOUS PROSECUTION AND ABUSE OF PROCESS.
II
 THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON A FINDING THAT PLAINTIFF AND DEFENDANT HAD DIFFERING ACCOUNTS OF THEIR DISPUTE WHEN THE DIFFERENCES WERE NOT MATERIAL TO THE DEFENSE OF ADVICE OF COUNSEL.
III
 THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT.
We note appellee argues the trial court's denial of appellants' motions for summary judgment is not a final appealable order pursuant to R.C. 2505.02. Because this case involves a political subdivision and an immunity claim, the trial court's denial is properly before this court pursuant to R.C. 2744.02(C).
 I, II, III
Appellants claim the trial court erred in denying the motions for summary judgment. We agree only as to the claim of immunity involving the political subdivision.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 INTENTIONAL TORTS
Appellee's complaint alleged the intentional torts of malicious prosecution, intentional infliction of emotional distress and abuse of process. Appellant school argues it and its employees are immune from liability subject to certain exceptions and those exceptions do not apply sub judice. See, R.C.2744.02(B). In support, appellant school cites the case of Wilsonv. Stark Cty. Dept. of Human Serv. (1994), 70 Ohio St.3d 450.
This court is very aware of the Wilson case as the Supreme Court of Ohio reversed this court's decision in said case. Wilson
stands for the proposition there are no exceptions to statutory sovereign immunity for intentional torts. The Wilson court at 452 explained as follows:
 Political subdivisions are shielded from civil liability as provided by R.C. Chapter 2744. R.C. 2744.92(A)(1) creates a broad immunity, subject to enumerated exceptions:
 `For purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.'
 R.C. 2744.02(B) provides five exceptions to the immunity created in R.C. 2744.02(A)(1) for political subdivisions. One of the exceptions, R.C. 2744.02(B)(2), establishes liability of political subdivisions for injuries caused by negligent acts performed by employees with respect to proprietary functions. There is, however, no such general exception for governmental functions. Consequently, except as specifically provided in R.C. 2744.02(B)(1), (3), (4) and (5), with respect to governmental functions, political subdivisions retain their cloak of immunity from lawsuits stemming from employees' negligent or reckless acts. See Garrett v. Sandusky (1994), 68 Ohio St.3d 139, 624 N.E.2d 704. There are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress as alleged in this case.
Appellant Reinhard is appellant school's treasurer and it is within his job function to pay appellant school's employees. It is undisputed the fact scenario giving rise to the charge of disorderly conduct happened as a result of a wage dispute between appellant Reinhard and appellee. Clearly appellant Reinhard was engaged in a governmental function as treasurer of appellant school. See, R.C. 2744.01(C)(2)(c).
Malicious prosecution, intentional infliction of emotional distress and abuse of process are claims sounding in negligence but are intentional in nature. Under Wilson, appellant school is immune from liability for these types of claims therefore, we conclude the trial court erred in not granting summary judgment to appellant school and appellant Reinhard in his official capacity.
 WANTON AND WILLFUL ACTS
Appellee claims appellants are liable for the claims alleged in the complaint and cites R.C. 2744.03(A)(5) in support:
 (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
 (5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
Appellant Reinhard's act of initiating a criminal proceeding against appellee does not fall within this statute. However, R.C.2744.03(A)(6)(a) and(b) provides an employee can be answerable for acts outside the scope of his/her employment or for acts done "with malicious purpose, in bad faith, or in a wanton or reckless manner."
We concur with the trial court that as to appellant Reinhard, there exists genuine issues of material fact to qualify under the exception from immunity for employees. There exists a question of fact as to what appellant Reinhard told appellant school's counsel and the local prosecutor in obtaining the advice of counsel. There exists a genuine issue as to whether those disclosures were a full explanation of the event. Appellee claims his statement "I've got bullets to backup the smoke" was followed by an explanation that the "bullets" were "documents" to prove he was entitled to additional pay. In construing the evidence against the moving party as Civ.R. 56 requires, we are forced to accept that appellee gave this explanation despite appellant's contention it was not. If appellant Reinhard omitted this explanation, the advice of counsel defense is questionable.
Based upon the reasoning of Wilson, we find the trial court erred in denying summary judgment to appellant school and appellant Reinhard in his official capacity. Based upon the existence of genuine issues of material fact, we find the trial court did not err in denying summary judgment to appellant Reinhard individually.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, P.J., Wise, J. and Hoffman, Sr., V.J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to appellants.