Plaintiff-appellant, Joanne Wynn, appeals a decision of the Butler County Court of Common Pleas which granted motions for summary judgment filed by defendants-appellees, the Butler County Sheriff's Department and its deputy, "John Doe," the Oxford Police Department, and the Fairfield Police Department. We affirm.
On September 26, 1996, an undercover agent of the Butler County Sheriff's Department had two suspects under surveillance. A drug transaction occurred and the agent instructed a deputy to make a traffic stop. The female suspect did not have any form of identification, but gave the deputy the name of Joanne Wynn. The suspect also provided a date of birth and social security number. This information was verified through dispatch. The suspect also provided the name and telephone number of her alleged grandmother. This person was called and verified the suspect's identity.
On November 19, 1996, Oxford Police Department personnel executed a warrant for Joanne Wynn's arrest pursuant to a complaint on drug charges filed in the Fairfield Municipal Court. Wynn was arrested in her Oxford apartment. She was driven to the Oxford Police Department and placed in a cell. She was later transported to the Fairfield Police Department where she was fingerprinted, photographed, and searched. Wynn was then transported to the Butler County Jail where she was photographed, fingerprinted, and patted down. She was later released on bond and ordered to appear on November 20, 1996 in Fairfield Municipal Court. At that time, Wynn pleaded not guilty. At her next court appearance, the charges were dropped. Between the two court appearances, Wynn and her boyfriend viewed a videotape of the drug transaction in which it was apparent that Wynn was not the person who had participated in that transaction. Wynn's aunt, Patricia King, was the actual participant in the drug transaction. King was later found guilty of falsification.
Wynn filed suit for false imprisonment against appellees. Wynn's deposition was taken, and appellees moved for summary judgment. Appellees argued that police departments are not entities which could be sued, that in any event governmental immunity applied, and finally, that liability was absent as all actions had been taken pursuant to a facially valid warrant. The trial court agreed, finding that the police departments were not the real parties in interest, that governmental immunity applied, and that the actions of the officers were reasonable and the result of a validly issued warrant.
Wynn has not specifically denominated assignments of error, but argues that the court erred by granting summary judgment as an issue of material fact remains as to appellees' liability for false arrest and imprisonment. She also argues that the trial court erred in determining that appellees were immune for their actions. Appellees have reasserted their three bases for summary judgment. As this presentation mirrors that of the trial court, we will follow their outline.
Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come to but one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317. This court reviews the lower court's determination on a motion for summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
First, we find that the trial court correctly noted that the real party in interest would be the city or county, and not the Fairfield, Oxford, or Butler police departments. However, this may not have been a sufficient basis standing alone to dismiss the entire lawsuit. In Wilson v. Stark Cty. Dept. of HumanServ. (1994), 70 Ohio St.3d 450, 453, the Ohio Supreme Court noted that "a claim against a county department * * * is, in effect, a claim against the county itself." Therefore, we turn to the second and third bases for summary judgment.
Appellees argue that they were entitled to immunity pursuant to R.C. 2744.02. We agree. R.C. 2744.02(A)(1) provides political subdivisions with sovereign immunity when performing governmental functions:
 For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
R.C. 2744.01(C)(2) provides that a "governmental function" includes, but is not limited to:
 (a) The provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection;
* * *
(i) the enforcement or nonperformance of any law;
R.C. 2744.02(A)(1) "creates a broad immunity, subject to enumerated exceptions." Wilson v. Stark Cty. Dept. of HumanServ. (1994), 70 Ohio St.3d 450. One of the exceptions, R.C.2744.02-(B)(2), establishes potential liability of political subdivisions for injuries caused by negligent acts performed by employees with respect to proprietary functions. The Supreme Court held in Wilson that there is "no such general exception for governmental functions." Id. at 452. Clearly, the police departments and their employees were engaged in governmental functions. Wynn has indicated no basis for any exception to immunity. If none of the exceptions apply, the political subdivision is immune from suit. Burgess v. John Doe
(1996), 116 Ohio App.3d 61, 63. Therefore, summary judgment was proper based on immunity. See, also, Twine v. Franklin Cty.Sheriff's Department (1990), 68 Ohio App.3d 51 (governmental immunity applied to sheriff's office service of order of detention).
Summary judgment was also proper as to any "John Doe" employee of the Butler County Sheriff's Department because Wynn presented no evidence from which reasonable minds could find that any employee of any of the police agencies involved acted outside the scope of his employment or with malicious purpose, in bad faith, or in a wanton or reckless manner. "Reckless" or "wanton misconduct" is a complete disregard for the care and safety of others, indifference to the consequences, with a belief that probable harm will result. Lane v. Telb (June 19, 1998), Lucas App. No. L-97-1432, unreported. Here, the evidence established that the appellees exercised a reasonable degree of care in verifying the suspect's identity. Therefore, the exception to immunity found in R.C. 2744.03(A)(6) for employees who act with malicious purpose, in bad faith, or in wanton or reckless manner was inapplicable.
Although summary judgment was proper based on immunity alone, the trial court also correctly found that summary judgment was appropriate on liability. Wynn never alleged that the warrant was facially invalid. "Where a person is arrested pursuant to a capias order, or some other court order, an action for false arrest [or false] imprisonment cannot be maintained unless such order is utterly void." Bushman v. Philbrick (Sept. 30, 1991), Geauga App. No. 90-G-1613, unreported, (citations omitted). See, also, McFarland v. Shirkey (1958), 106 Ohio App. 517 (a warrant issued by a court, unless utterly void is a complete defense to an action for false arrest or false imprisonment);Fee v. Shaffer (June 30, 1983), Trumbull App. No. 3195, unreported (police are immune from liability for damages flowing from their obedience to a warrant which was apparently valid and enforceable).
Accordingly, summary judgment was correctly entered. Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.