OPINION
On November 9, 2000, appellants, John and Patty Hunt, filed a complaint against appellees, Washington Township and the individual trustees, for trespass and conversion. Appellants claimed appellees, without permission, entered appellants' land and cut down numerous trees. On January 5, 2001, appellants filed an amended complaint adding constitutional claims i.e., taking and appropriation without compensation.
On April 30, 2001, appellees filed a motion for summary judgment claiming that of the twenty trees cut, eleven were in the right-of-way and nine were outside the right-of-way. Appellees argued they were immune from liability pursuant to R.C. Chapter 2744. By judgment entry filed May 30, 2001, the trial court found in favor of appellees and granted said motion,
Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT/APPELLEE FOR PLAINTIFF/APPELLANT'S INTENTIONAL TORT CLAIMS.
 II THE TRIAL COURT ERRED IN DISMISSING THE FIFTH CAUSE OF ACTION ON THE BASIS THAT A WRIT OF MANDAMUS WAS THE APPROPRIATE REMEDY WHEN THE COMPLAINT AND EVIDENCE CONTAINED SUFFICIENT ALLEGATIONS TO WARRANT RELIEF IN MANDAMUS.
 I
Appellants claim the trial court erred in granting summary judgment to appellees. Appellants claim their intentional tort claims are not subject to the provisions of R.C. Chapter 2744. We disagree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in Stateex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
In its judgment entry filed May 30, 2001, the trial court specifically found the doctrine of sovereign immunity to be applicable to the factssub judice:
 FINDS that the evidence to be allowed to be considered on a Summary Judgment Motion supports the conclusion that the Plaintiffs have asserted no recoverable Claims
against the Defendants in this case. More specifically, the undersigned concludes, as a matter of law, the following:
 The application of Chapter 2744, Ohio Revised Code to Counts One, Two and Four of the Amended Complaint,
Trespass and Conversion, granting immunity to the Defendants relative to the `Intentional Tort' Claims asserted in Counts One, Two and Four acts as a bar to the prosecution of these Claims. Section 2744.02(B), Ohio Revised Code, does not provide an exception to a political subdivision's immunity from suit for `Intentional Torts.'
Appellants argue genuine issues of fact exist. These issues are the number of trees cut, the value of the trees cut, the location of the trees cut and the reasoning for cutting the trees. See, Affidavit of John Hurt filed May 15, 2001. For purposes of summary judgment, we will assume all of the disputed facts are resolved in favor of the non-moving party, appellants herein. As a result, the question posed by this appeal is whether or not the immunity granted by R.C. Chapter 2744 applies to the act by township employees of cutting trees outside the right-of-way but bordering on a public street. We answer this inquiry in the affirmative for the following reasons.
R.C. 2744.01(A)(1) provides for immunity from liability for damages when a political subdivision is engaged in a governmental or proprietary function.[1] A governmental function is defined by R.C. 2744.01(C) as follows:
 (C)(1)`Governmental function' means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:
 A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
 A function that is for the common good of all citizens of the state;
 A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.
R.C. 2744.01(C)(2)(e) specifically lists as a governmental function "[t]he regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds." In addition, R.C. 5543.14
provides for the maintenance of the right-of-ways along public highways:
 The county engineer may trim or remove any and all trees, shrubs, and other vegetation growing in or encroaching onto the right-of-way of the county roads of the engineer's county, and the board of township trustees may trim or remove any and all trees, shrubs, and other vegetation growing in or encroaching onto the right-of-way of the township roads of its township, as is necessary in the engineer's or board's judgment to facilitate the right of the public to improvement and maintenance of, and uninterrupted travel on, county and township roads. The engineer or board is not required to compensate the abutting landowner for trimming or removing such trees, shrubs, and other vegetation as is necessary to facilitate these rights. * * *
Despite appellants' allegations that appellees cut trees only on their property and not in the right-of-way and there was no need to cut any foliage to clear any obstruction, we find the above cited statute creates a governmental function. The statute speaks of foliage "growing in or
encroaching onto the right-of-way" and does not provide for compensation to the abutting landowner.
Because the clearing of the foliage in this case was a governmental function and also a discretionary act as enumerated by the statutes, appellees have a defense to liability pursuant to R.C. 2744.03(A)(3).
Appellants argue the trespass was an intentional tort and not a negligent act. We disagree. This court has previously taken the position that a governmental entity is not liable for the intentional torts of its employees. See, Holzbach v. Jackson Township (July 26, 2000), Stark App. No. 1999CA00373, unreported; Hubbard v. Canton City School Bd. Of Edn.,et al. (October 26, 1998), Stark App. No. 1998CA00089, unreported;Copeland v. Reinhard, et al. (May 11, 1998), Stark App. No. 1997CA00281;Shirley v. City of Canton (June 7, 1993), Stark App. No. CA-9144, unreported. See also, Wilson v. Stark County Department of HumanServices (1994), 70 Ohio St.3d 450.
Upon review, we find the trial court did not err in granting summary judgment to appellees.
Assignment of Error I is denied.
 II
Appellants claim the trial court erred in dismissing their constitutional claims of taking and appropriation without compensation. The trial court specifically found the appropriate remedy was a mandamus action and we concur. Appellants claim their complaint contained sufficient allegations to warrant relief in mandamus. We disagree.
R.C. 2737.01 defines mandamus as "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C.2737.04. In State ex rel. Elsass v. Shelby County Board of Commissioners
(2001), 92 Ohio St.3d 529, 533, the Supreme Court of Ohio held the following:
 The United States and Ohio Constitutions guarantee that private property shall not be taken for public use without just compensation. Fifth and Fourteenth Amendments to the United States Constitution; Section 19, Article I, Ohio Constitution. Mandamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged. BSW, 83 Ohio St.3d at 341, 699 N.E.2d at 1274; State ex rel. McKay v. Kauer (1951), 156 Ohio St. 347, 46 O.O.204, 102 N.E.2d 703, paragraph three of the syllabus.
Appellants argue their general prayer for relief encompassed a request for mandamus wherein they asked the trial court to "grant such further relief to which Plaintiffs may be entitled and which this Court deems just and proper."
Although we concur with appellants that our pleading system is notice pleading and governed by Civ.R. 8, we disagree that the above cited prayer for relief encompassed a request for a writ of mandamus. As Civ.R. 8 states, a complaint shall contain "a demand for judgment for the relief to which the party claims to be entitled." We read this provision as mandating a specific request for mandamus pursuant to R.C. 2731.04.
Assignment of Error II is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.
[1] The exceptions to immunity provided in R.C. 2744.02(B) do not apply to the facts sub judice.