OPINION
In this accelerated calendar case, appellant, Charity S. Bryant, appeals from the judgment entered by the Portage County Court of Common Pleas. The court granted appellees' motion for judgment on the pleadings.
At all relevant times herein, Bryant worked for appellee, Portage County Department of Human Services ("PCDHS"). Bryant, through her position with PCDHS, was covered by the collective bargaining agreement ("CBA") between PCDHS and the American Federation of State, County, and Municipal Employees, Local 1696 and Ohio Council 8 ("the Union").
Bryant was an "Account Clerk 2" and worked in the payroll department of PCDHS. In 1997, Bryant received a letter from appellee John Witkosky, director of PCDHS, informing her that she was being transferred from her position in the payroll department to the Family Employment Division. After receiving this letter, Bryant filed a grievance regarding the transfer. In response to this grievance, the parties entered into a settlement agreement, wherein Bryant was returned to her former position in exchange for her dismissing the grievance.
Bryant was transferred back to her prior position, although her job assignments were not the same as they originally were. Bryant claims this did not constitute returning her to her previous position. Bryant then filed this action, claiming PCDHS breached the settlement agreement.
In appellees' answer to the complaint, they filed a motion for judgment on the pleadings pursuant to Civ.R. 12(B)(1). The trial court granted this motion, ruling that it did not have jurisdiction over the matter and that the CBA provided Bryant her "sole and exclusive remedy."
Bryant raises three assignments of error on appeal. The first assignment of error is:
 "The trial court erred in considering much less granting defendant's motion for judgment on the pleadings."
 Bryant asserts that the court could not consider anything beyond the complaint when deciding whether to grant appellee's motion for judgment on the pleadings. Specifically, Bryant claims the court was not permitted to consider the CBA.
A motion for judgment on the pleadings "may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law."[1] Generally, the determination of a motion for judgment on the pleadings is limited to the allegations of the pleadings.[2] However, "[t]he trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment."[3]
Since the court was determining its own jurisdiction, it was permitted to consider material outside the four corners of the complaint. Bryant's first assignment of error is without merit.
Bryant's second assignment of error is:
 "The trial court erred by relying on immaterial terms of a collective bargaining agreement in granting defendants' Rule 12(C) motion when the dispute before the court actually concerned a separate, distinct settlement agreement between the parties."
Bryant's final assignment of error is:
 "Even if the collective bargaining agreement on which the trial court relied is relevant in the proceedings to enforce Bryant's separate settlement agreement, the trial court nevertheless erred in its interpretation of the terms of that collective bargaining agreement to the prejudice of Bryant's claims for specific enforcement of her separately negotiated settlement agreement."
 The settlement agreement provided that "[a]ll other issues in question or arising from this matter shall be governed by the current collective bargaining agreement." Based on this language, it was not error for the trial court to find that the parties agreed that the CBA was the proper venue for resolving any differences concerning the settlement agreement.
We will now address the issue of whether any complaint may be brought in common pleas court for breach of a settlement agreement which resolved a grievance under a collective bargaining agreement, pursuant to R.C. 4117.
The State Employment Relations Board (SERB) has exclusive jurisdiction over all matters committed to it by R.C. 4117.[4] However, R.C.4117.10(A) permits employees and employers "to commit to final and binding arbitration of grievances through a collective bargaining agreement."[5] Courts have held that the grievance procedure must be exhausted before a party resorts to the courts.[6]
Neither of the parties has provided this court with any case law that resolves the issue of whether a party may bring an action for breach of a settlement agreement that arose out of a collective bargaining agreement. Our research did not uncover an Ohio state case that answers this question. Therefore, we consider this a case of first impression in Ohio state courts.
We have, however, found somewhat analogous federal case law. In Davisv. Bell Atlantic-West Virginia, a dismissed employee attempted to file a state law claim for breach of a settlement agreement.[7] The parties did not dispute that suits for violations of collective bargaining agreements were to be filed only in federal courts pursuant to section 301 of the Labor-Management Relations Act ("LMRA").[8] The dismissed party argued that "`the terms of the (settlement agreement) did not rely upon the interpretation of any term or provision of the collective bargaining agreement.'"[9] The Fourth Circuit Court of Appeals held that the "claim for breach of the settlement agreement depends on rights conferred by the collective bargaining agreement and is therefore preempted."[10] The court held that the state court did not have subject-matter jurisdiction over the breach of settlement agreement claim.[11]
In another federal case concerning a settlement agreement and the LMRA, Jones v. General Motors, the Sixth Circuit Court of Appeals similarly held that the settlement agreement was preempted by section 301 of the LMRA.[12] The Sixth Circuit then quoted the Ninth Circuit:
 "The settlement agreement was reached pursuant to the collective-bargaining agreement's grievance procedures. Whether [the employer] carried out the terms of the settlement agreement tortiously would involve examination and interpretation of the settlement terms. Any ambiguities regarding [the employee's] agreement to be reinstated to her former position, a position which is covered by the collective-bargaining agreement, would necessarily entail interpretation of terms and conditions in the labor contract.
 Such an inquiry would encompass the grievance and negotiation process that led to the settlement agreement. ***."[13]
 The holding of Jones has recently been applied by the United States District Court for the Northern District of Ohio, Western Division.[14] In Sweat, the court held that the private letter agreement was arrived at through the grievance procedure created by the collective bargaining agreement. Therefore, the complaint for breach of the agreement was pre-empted by section 301 of the LMRA.[15]
These federal cases all involve section 301 of the LMRA.[16] This statute provides that disputes between employees and employers may be resolved in any federal district court. In the above cases, parties attempted to circumvent the federal courts in favor of state courts in order to resolve an alleged breach of a settlement agreement arising from a grievance filed pursuant to a collective bargaining agreement. Section 301 of the LMRA is analogous to R.C. 4117.09, in that each provide the appropriate jurisdiction to resolve conflicts between employees and employers.
The principle notion, set forth in the federal cases cited above, is that a settlement agreement, entered into to resolve a dispute covered under a collective bargaining agreement, is also covered under that collective bargaining agreement. This concept is consistent with the overriding theme that a party must exhaust their administrative remedies before turning to a court of law. We believe it was the intent of the Ohio State Legislature, when it drafted Chapter 4117, to keep these disputes between public employees and employers out of Ohio's courthouses. Labor disputes are best resolved through a grievance procedure which cumulates in final and binding arbitration.
We do not specifically address the merits of Bryant's second and third assignments of error. We have determined that all settlement agreements arising out of a collective bargaining agreement between public employees and employers in the state of Ohio, pursuant to R.C. 4117, continue to be subject to the grievance procedure. A common pleas court does not have subject matter jurisdiction over them. To hold otherwise would defeat the purposes of judicial economy and SERB. We would be forcing courts to strenuously and tediously inspect the various provisions of collective bargaining agreements and settlement agreements, merely to determine if they have subject-matter jurisdiction over a complaint. All settlement agreements of this type are covered by the grievance procedure, because the rights and relationships between the parties are created by the CBA, and "if the asserted right is not directly created by the CBA, it would be the product of an individual contract for employment, which is itself forbidden by the CBA."[17]
In the case sub judice, there was a final and binding arbitration clause in the CBA. Therefore, this matter falls under the jurisdiction of the grievance and arbitration procedure. The common pleas court does not have jurisdiction of this matter.
In light of our above analysis, Bryant's second and third assignments are without merit and warrant no further consideration.
The judgment of the trial court is affirmed.
NADER, J., GRENDELL, J., concur.
[1] Adams v. Willoughby (1994), 99 Ohio App.3d 367, 369, citing Stateex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593.
[2] Id., citing Pirman.
[3] Southgate Dev. Corp. v. Columbia Gas Transm. Corp. (1976),48 Ohio St.2d 211, paragraph one of the syllabus.
[4] Franklin Cty. Law Enforcement Assoc. v. F.O.P. Capital City LodgeNo. 9 (1991), 59 Ohio St.3d 167, paragraph one of the syllabus.
[5] DeCrane v. Westlake (1995), 103 Ohio App.3d 481, 484.
[6] Mayfield Hts. Fire Fighters Assn., Local 1500, I.A.F.F. v. DeJohn
(1993), 87 Ohio App.3d 358, 362.
[7] Davis v. Bell Atlantic-West Virginia, Inc. (C.A.4, 1997),110 F.3d 245.
[8] Id.
[9] Id. at 247.
[10] Id. at 248.
[11] Id. at 249.
[12] Jones v. General Motors Corp. (C.A.6, 1991), 939 F.2d 380.
[13] Id. at 384, quoting DeSherlia v. Alpha Beta Co. (C.A.9, 1988), 852 F.2d 571, full opinion unreported, 1988 U.S. App. LEXIS 9378, at *3-4.
[14] Sweat v. Johnson Controls, Inc. (N.D.Ohio. 2001), Case No. 3:01CV7020, unreported, 2001 U.S. Dist. LEXIS 7135.
[15] Id.
[16] 29 U.S.C.S. 185.
[17] Jones v. General Motors Corp., 939 F.2d at 384.