OPINION
{¶ 1} Appellant, Stephen Sabulsky, appeals from a judgment of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellee, Trumbull County, in an employer intentional tort action.
 {¶ 2} On April 29, 1999, appellant, a Corrections Officer at the Trumbull County Jail, filed a complaint against appellee alleging employer intentional tort. The underlying facts are undisputed.
 {¶ 3} On February 17, 1996, appellant sustained injuries to his head and left arm during an altercation with several inmates who were attempting to escape. The inmates were able to get into a position allowing them to attempt an escape and to attack appellant because the electric locking mechanism on the door leading from the maximum security "D-Range" into the vestibule was not in working order. Had the electric locking mechanism been in working order, appellant would have been safely inside the vestibule when the door to "D-Range" was unlocked. Although the county had been notified that the door was malfunctioning and that it represented a safety hazard, the door had not been repaired prior to the incident on February 17, 1996.
 {¶ 4} In March 2001, appellee moved for summary judgment, arguing that a political subdivision is immune from liability arising from an employer intentional tort claim. On July 25, 2001, the trial court granted summary judgment in favor of appellee. From this judgment, appellant raises the following assignment of error:
 {¶ 5} "The trial court erred in granting summary judgment based on sovereign immunity. This case falls within the exception created by Ohio Revised Code Section 2744.09(B)."
 {¶ 6} In his sole assignment of error, appellant contends that the exception to sovereign immunity set forth in R.C. 2744.09 is applicable to the instant case. In opposition, appellee argues that Chapter 2744 of the Ohio Revised Code provides political subdivisions with immunity from intentional tort claims and the exception under R.C. 2744.09(B) has no application in this type of case.
 {¶ 7} Initially, we note that the determination as to whether a political subdivision is immune from liability is a question of law and, therefore, is properly determined prior to trial, preferably on a motion for summary judgment. Conley v. Shearer (1992), 64 Ohio St.3d 284, 292, quoting Donta v. Hooper (C.A.6, 1985), 774 F.2d 716, 719, certiorari denied (1987), 438 U.S. 1019, and citing Roe v. Hamilton Cty. Dept. ofHuman Serv. (1988), 53 Ohio App.3d 120, 126.
 {¶ 8} When reviewing a trial court's grant of summary judgment, an appellate court's review is de novo, which is the same standard of review used by the trial court. See e.g., Phelps v. Middleton (Apr. 30, 2002) 11th Dist. No. 99-A-0046, 2002 Ohio App. LEXIS 2107, at *6.
 {¶ 9} The appropriateness of granting summary judgment hinges upon the following tripartite demonstration: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 10} The parties do not dispute the facts; therefore, there are no genuine issues of material fact and only a question of law remains, to wit: whether a political subdivision is immune from liability arising from an intentional tort claim alleged by one of its employees.
 {¶ 11} R.C. Chapter 2744 provides nearly absolute immunity to political subdivisions in order to limit their exposure to money damages. Immunity provides a shield to the exercise of governmental or proprietary functions by a political subdivision, unless one of the exceptions specifically recognized by statute applies.
 {¶ 12} Except as provided in R.C. 2744.02(B), a political subdivision is not liable for damages in a civil action for injuries "caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A). A political subdivision can reinstate its immunity if one of the defenses set forth in R.C. 2744.03
is applicable.
 {¶ 13} The exceptions set forth in R.C. 2744.02(B) are as follows: "the negligent operation of a motor vehicle by an employee, R.C. 2744.02(B)(1); the negligent performance of proprietary functions, R.C. 2744.02(B)(2); the failure to keep public roads open and in repair, R.C. 2744.02(B)(3); the negligence of employees occurring within or on the grounds of certain buildings used in connection with the performance of governmental functions, R.C. 2744.02(B)(4); and the express imposition of liability by statute, R.C. 2744.02(B)(5)." Engleman v. Cincinnati Bd.of Edn. (June 22, 2001), 1st Dist. No. C-000597, at *7-8, 2001 Ohio App. LEXIS 2728.
 {¶ 14} By the express language of the statute, only negligent acts of a political subdivision are exempted from statutory immunity. Further, under R.C. 2744.03(A)(2), a political subdivision is protected from intentional conduct as that conduct is "other than negligent." Employees who do engage in intentional torts may be individually liable for their behavior. Engleman, supra. None of the statutory exceptions are applicable to the instant case. Appellant's complaint alleged intentional conduct, rather than negligent conduct. R.C. 2744.02(B) does not include a specific exception for intentional torts. Relying upon this statutory language, Ohio courts consistently have held that political subdivisions are immune from intentional tort claims. See Wilson v. Stark Cty. Dept.of Human Services (1994), 70 Ohio St.3d 450; Chase v. Brooklyn City Sch.Dist. (2001), 141 Ohio App.3d 9.
 {¶ 15} Since none of the exceptions are applicable, we conclude that appellee is immune from liability pursuant to R.C. 2744.02(A). However, our inquiry does not end here. Next, we must analyze whether R.C. 2744.09 is applicable.
 {¶ 16} R.C. 2744.09 sets forth several exceptions that remove certain types of civil actions entirely from the purview of Chapter 2744 of the Ohio Revised Code. Specifically, R.C. 2744.09(B), provides that Chapter 2744 does not apply to "[c]ivil actions by an employee, or the collective bargaining representative of an employee, against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision[.]"
 {¶ 17} At first blush, it might appear that R.C. 2744.09 is applicable here since appellant's injuries occurred within the scope of his employment. However, because appellant's complaint solely alleged employer intentional tort, R.C. 2744.09 has no application.
 {¶ 18} The Supreme Court of Ohio has held that an employer's intentional tort against an employee does not arise out of the employment relationship, but occurs outside the scope of the employment relationship. Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, paragraph one of the syllabus. Consequently, Ohio appellate courts have held that R.C. 2744.09 has no application to intentional tort claims.Ellithorp v. Barberton City Sch. Dist. Bd. of Ed. (July 9, 1997), 9th Dist. No. 18029, 1997 Ohio App. LEXIS 3053; Stanley v. Miamisburg (Jan. 28, 2000), 2nd Dist. No. 17912, 2000 Ohio App. LEXIS 205;Engelman,supra; Chase v. Brooklyn City Sch. Dist. (Jan. 4, 2001), 8th Dist. No. 77263, 2001 Ohio App. LEXIS 27; Fabian v. Steubenville (Sept. 28, 2001), 7th Dist. No. 00 JE 33, 2001 Ohio App. LEXIS 4533.
 {¶ 19} Further, to hold that intentional tort claims arise out of the employment relationship and, thus, fall within the exception to immunity set forth in R.C. 2744.02(B), would frustrate the general statutory purpose of conferring immunity on political subdivisions. "It would render meaningless R.C. 2744.02(B) and 2744.03(A)(2), which provide the exceptions and defenses to immunity for intentional acts committed by an employee of a political subdivision. Moreover, it would require the rejection of a line of Ohio appellate cases that have consistently held political subdivisions immune from intentional-tort claims." Engleman,
supra, at *16.
 {¶ 20} Because an intentional tort claim brought against a political subdivision is outside the employment relationship, the immunity afforded a political subdivision under Chapter 2744 applies. Stanley,
supra.
 {¶ 21} In summation, appellant has only alleged employer intentional tort. Appellee was granted immunity pursuant to R.C.2744.02(A), and none of the exceptions to immunity set forth in R.C.2744.02(B) apply to this case. R.C. 2744.09(B) does not apply to intentional torts. While we may not agree with this policy decision, correction of any inequity rests with the Legislature. Accordingly, we conclude that appellant is, as a matter of law, precluded from instituting a civil action against appellee for damages resulting from intentional employer tort. Therefore, the trial court did not err by granting summary judgment in favor of appellee. Appellant's sole assignment of error is without merit.
 {¶ 22} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
DONALD R. FORD, J., concurs.