Lundberg Stratton, J.,
dissenting.
(¶ 30} I believe that the Power Siting Board has jurisdiction over the cogeneration station (power plant) only. Therefore, I respectfully dissent.
{¶ 31} SunCoke Energy Inc., which owns Middletown Coke Company, filed an application for a certificate of environmental compatibility and public need to build a power plant as part of a coke plant adjacent to AK Steel Middletown Works in Butler County. The power plant is to include a steam turbine generator, a steam condensing system, a steam turbine operation and administra-, tive building, cooling towers, and a generator step-up transformer. Heat from the coke plant’s ovens would be converted into steam, which would be used as fuel for the power plant. The board approved SunCoke’s application for the power plant, concluding that the site chosen for the power plant would have “minimum adverse environmental impact,” R.C. 4906.10(A)(3), and would “serve the public interest, convenience, and necessity.” R.C. 4906.10(A)(6). The board did not consider the environmental impact of the proposed coke plant in making this decision.
{¶ 32} The majority holds that the board has jurisdiction to examine the impact of the proposed power plant and the proposed coke plant. Consequently, the majority holds that on remand, the board may consider additional issues, such as whether coke production has an adverse environmental impact.
{¶ 33} Although we have “complete and independent power of review as to all questions of law” in appeals from the siting board, Ohio Edison Co. v. Pub. Util. Comm. (1997), 78 Ohio St.3d 466, 469, 678 N.E.2d 922, we “may rely on the expertise of a state agency in interpreting a law where ‘highly specialized issues’ are involved and ‘where agency expertise would, therefore, be of assistance in discerning the presumed intent of our General Assembly,’ ” Ohio Consumers’ *355 Counsel v. Pub. Util. Comm., 121 Ohio St.3d 362, 2009-Ohio-604, 904 N.E.2d 853, ¶ 13, quoting Consumers’ Counsel v. Pub. Util. Comm. (1979), 58 Ohio St.2d 108, 110, 12 O.O.3d 115, 388 N.E.2d 1370. In the instant case, I would defer to the board’s conclusion that it had jurisdiction over the power plant but not the proposed coke plant.
Coke Plants Are Not “Associated Facilities”
{¶ 34} Pursuant to R.C. 4906.04, the board has jurisdiction over construction of a “major utility facility,” which is defined as an “[ejlectric generating plant and associated facilities designed for, or capable of, operation at a capacity of fifty megawatts or more.” (Emphasis added.) R.C. 4906.01(B)(1).
{¶ 35} The majority reasons, “The statute’s additional coverage of ‘associated facilities’ suggests the term should not be read restrictively.” (Emphasis added.) Majority opinion at ¶ 19. The majority later concludes that the proposed coke plant is an associated facility as defined in R.C. 4906.04(B)(1).
{¶ 36} I believe that the majority takes the term “associated facilities” out of context. The rule of noscitur a sociis assists in defining the terms “electric generating plant” and “associated facilities.” The rule of noscitur a sociis, the word “ ‘is known from its associates,’ * * * follows from the premise that ‘the coupling of words denotes an intention that they should be understood in the same general sense.’ ” Wilson v. Stark Cty. Dept. of Human Servs. (1994), 70 Ohio St.3d 450, 453, 639 N.E.2d 105, quoting 2A Sutherland Statutory Construction (5th Ed. Singer Rev.1992) 183, Section 47.16.
{¶ 37} Applying this rule, I would hold that the phrase “designed for, or capable of, operation at a capacity of fifty megawatts or more” modifies both “[e]leetric generating plant” and “associated facilities.” Thus, contrary to the majority, I would find that “associated facilities” is a restrictive term, not an expansive term. Specifically, a facility would qualify as an “associated facility” only if it is “designed for” or is “capable of’ producing electricity.
{¶ 38} In the instant case, the proposed coke plant is not designed for, nor will it be capable of, producing electricity. It is intended to make coke. The heat that is used to create steam as fuel for the power plant is merely a waste product of that process. Thus, I would hold that the proposed coke plant is not an associated facility as defined in R.C. 4906.01(B)(1).
The EPA Has Jurisdiction over Coke Plants
{¶ 39} The majority also supports its holding by reasoning that while R.C. 4906.01(B)(1) “grants jurisdiction over an ‘electric generating plant,’ ” it “does not deny jurisdiction over ‘coke plant[s].’ ” (Emphasis sic.) Majority opinion at ¶ 20. Consequently, the majority indicates that on remand, the board may consider the *356 environmental impact of the coke plant in deciding whether the power station should be permitted. The majority’s reasoning and the scope of this remand are especially troubling when considered in the context of arguments made by appellant, the city of Monroe, that the proposed coke plant will threaten the “region’s air quality.”
{¶ 40} The Ohio Environmental Protection Agency (“EPA”) regulates coke ovens. R.C. 3704.03(F)(1). See also State ex rel. Sierra Club v. Koncelik, Franklin App. No. 05AP-643, 2005-Ohio-6477, 2005 WL 3304095, ¶ 3 (construction of coke ovens requires a permit from the Ohio EPA). Consequently, any consideration by the board regarding the emissions of the proposed coke ovens necessarily intrudes upon the Ohio EPA’s jurisdiction.
{¶ 41} At the hearing before the administrative law judge in the instant case, the following exchange took place:
{¶ 42} F. Joseph Schiavone, an intervenor in the dispute, stated: ‘Tour Honor, at this time I would ask a continuance of this matter in so much as to proceed at this time would be premature based upon — two reasons. First of all, the Ohio EPA has yet to rule on Middletown Coke’s Application for permit to install and there is a possibility if this Board were to — or if this Judge were to grant the permit, construction would begin immediately on this cogeneration plant. And we could find ourselves in a situation with a generation plant without an upstream power source if the Ohio EPA were to find that for whatever reason a permit would not be granted or it would be granted conditionally upon conditions that could not be met by Middletown Coke.”
{¶ 43} M. Howard Petricoff, attorney for Middletown Coke, responded: “Your Honor, the premise on which this motion is based is that the project would have to be ready to go and have approvals from other agencies other than the Power Siting Board before the Power Siting Board could rule. There is no citation in this motion as to any statute, rule, regulation, or other legal requirement that calls for the EPA permit to have been issued or for all the land to be purchased.”
{¶ 44} From this conversation, it is evident that the parties anticipated that the coke plant would be regulated by the Ohio EPA, not the board. Moreover, one of the board members who signed the board’s opinion, order, and certificate considering and approving the power plant only was Christopher Korleski, who is also the director of the Ohio EPA.
{¶ 45} The majority’s holding will provide the board the authority to trump the EPA regarding the construction of the proposed coke plant.
Conclusion
{¶ 46} I believe that the majority’s holding expands the board’s jurisdiction beyond what the General Assembly intended and that it encroaches upon the *357 Ohio EPA’s jurisdiction to regulate coke ovens. Consequently, I would defer to the board’s decision that it has jurisdiction over the proposed power plant but not the proposed coke plant. Thus, I would affirm the decision of the Power Siting Board. Accordingly, I respectfully dissent.
Van Kley & Walker, L.L.C., Jack Van Kley, and Christopher A. Walker; and K. Philip Callahan, Monroe Law Director, for appellant.
Richard Cordray, Attorney General, and Samuel Peterson, Margaret A. Malone, Duane W. Luckey, and Thomas G. Lindgren, Assistant Attorneys General, for appellee, Ohio Power Siting Board.
Vorys, Sater, Seymour & Pease, L.L.P., M. Howard Petricoff, and Stephen M. Howard, for intervening appellee, Middletown Coke Company.