OPINION
{¶ 1} This is an accelerated appeal of the judgment of the Trumbull County Court of Common Pleas, granting appellees' motions for judgment on the pleadings.
 {¶ 2} Appellant, Lambert Dehler was prosecuted in Cuyahoga County, Ohio, in two different criminal cases involving two separate stepdaughters. The instant case relates principally to appellant's second criminal case.
 {¶ 3} Specifically, appellant was indicted in Cuyahoga County Common Pleas case No. CR-288956 on thirteen (13) counts of gross sexual imposition, in violation of R.C. 2907.05, and twelve (12) counts of felonious sexual penetration, in violation of former R.C. 2907.12. The charges in this matter involved crimes committed against his second stepdaughter who was less than thirteen (13) years old when the crimes were committed.
 {¶ 4} At his trial, appellant admitted that he had repeated sexual contact with his stepdaughter, but maintained that she seduced him. On May 17, 1993, appellant was convicted of thirteen (13) counts of gross sexual imposition and five (5) counts of felonious sexual penetration. The record reflects that appellant was sentenced to life imprisonment on each of the five counts of felonious sexual penetration, with each sentence to be served consecutively. Appellant was also sentenced to a term of two years for each of the thirteen convictions for gross sexual imposition, with each to be served consecutively to one another. On July 14, 1994, the Eighth District Court of Appeals affirmed appellant's convictions and sentences. State v. Dehler (July 14, 1994), 8th Dist. No. 65716, 1994 Ohio App. LEXIS 3103.
 {¶ 5} In November 2001, appellant, currently an inmate at the Trumbull Correctional Institution, filed a civil complaint against appellees Julius Wilson ("Wilson"), Christopher A. Caja ("Caja"), Regina Eiland ("Eiland"), Margarette T. Ghee ("Ghee"), Reginal Wilkinson ("Wilkinson"), and Jim McCafferty ("McCafferty"). In his complaint, which was characterized as a complaint for declaratory judgment, appellant sought "a declaration as to whether R.C. 5120.37 and 5153.17 may be utilized for the release of information to maintain the fair administration of prison rehabilitative programs and parole board proceedings seeking clemency." Appellant explained that he believes that the Cuyahoga County Department of Human Services victim's file contains exculpatory evidence which would reveal that he was innocent of the charges for which he was convicted and sentenced to five consecutive life sentences.
 {¶ 6} Appellant further explained that he needs the alleged exculpatory evidence in order to file for executive clemency based on his innocence and that the information will be useful to determine his sexual predator classification, for security level review, and to determine his eligibility for sexual offender rehabilitative programs.
 {¶ 7} Appellant attached two affidavits to his complaint. In one of these affidavits, captioned "Affidavit of Prior 5 Year Filing of Civil Actions," appellant averred:
 {¶ 8} "During the past five years, I have filed no civil law suits in any state or federal court except the continuation of my criminal appeals which involved the filing of a federal writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254, on each of my criminal cases as follows:
 {¶ 9} "a. Name of Court: U.S. DISTRICT COURT IN CLEVELAND, OHIO.
 {¶ 10} "b. Case Names: Dehler v. Schotten, and Dehler v. Mitchell.
 {¶ 11} "c. Case Numbers: 1:9-cv-293 1:96-cv-2050.
 {¶ 12} "d. Outcome: (appealed through the U.S. Supreme Court).
 {¶ 13} "i. Dehler v. Schotten, certiorari denied, 6/22/98,524 U.S. 944, 141 L.Ed.2d 725, 118 S.Ct. 2356.
 {¶ 14} "ii. Dehler v. Mitchell, certiorari denied, 10.5.98,525 U.S. 902, 142 L.Ed.2d 193, 119 S.Ct. 235."
 {¶ 15} Appellees filed answers to appellant's complaint, stating that appellant failed to state a claim upon which relief could be granted.
 {¶ 16} On January 8, 2002, appellant requested an in camera inspection of all records maintained by the Cuyahoga County Human Services Department. Appellees opposed appellant's request.
 {¶ 17} Subsequently, appellees moved for judgment on the pleadings pursuant to Civ.R. 12(C). The trial court granted appellees' motions. From this judgment, appellant appealed asserting the following assignment of error:
 {¶ 18} "[t]he trial court erred in dismissing the case without first conducting an in camera review of exculpatory evidence to determine merit."
 {¶ 19} In appellant's single assignment of error, he argues that the trial court erred in dismissing the case without first conducting an in camera review of the Cuyahoga County Department of Human Service records. Appellees argue that the trial court properly dismissed the complaint because appellant failed to comply with the filing requirements set forth in R.C. 2969.25(A) and that neither R.C. 5120.37 nor 5153.17
provide appellant with a right to the Cuyahoga County Department of Human Service records.
 {¶ 20} R.C. 2969.25(A) provides:
 {¶ 21} "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 {¶ 22} "(1) A brief description of the nature of the civil action or appeal;
 {¶ 23} "(2) The case name, case number, and the court in which the civil action or appeal was brought;
 {¶ 24} "(3) The name of each party to the civil action or appeal;
 {¶ 25} "(4) The outcome of the civil action or appeal ***."
 {¶ 26} Appellant's affidavit, which was attached to his complaint for declaratory judgment, fails to satisfy the mandatory requirements of R.C. 2969.25(A). Specifically, appellant failed to provide a brief description of each of the civil actions that were filed in the United States District Court and the United States Supreme Court, and fails to detail the outcomes of each civil action filed in the United States District Court.
 {¶ 27} "Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action." State ex. rel. Aliane v. Sheward, 2002 Ohio 5970, at ¶ 17, citing State ex. rel. Washington v. OhioAdult Parole Auth. (1999), 87 Ohio St.3d 258; State ex. rel. Zanders v.Ohio Parole Bd. (1998); State ex. rel. Alford v. Winters (1997),80 Ohio St.3d 285. Appellant's failure to comply with the mandatory requirements of R.C. 2969.25(A) is grounds for dismissal of the complaint. Accordingly, the trial court did not err in granting appellees' motion for judgment on the pleadings and dismissing the case.
 {¶ 28} A motion for judgment on the pleadings "may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law." Adams v. Willoughby (1994),99 Ohio App.3d 367, 369, citing State ex rel. Pirman v. Money (1994),69 Ohio St.3d 591, 593. In the instant case, appellees were entitled to judgment as a matter of law because neither R.C. 5120.37 nor 5153.17
confer any right upon appellant to obtain access to confidential records kept by the Cuyahoga County Department of Human Services.
 {¶ 29} R.C. 5120.37 provides that "[t]he department of rehabilitation and correction shall enter into an agreement with the department of job and family services to exchange or share information monthly concerning persons under the control or supervision of the department of rehabilitation and correction." Based on the plain language of the statute, R.C. 5120.37 does not confer upon appellant any right to obtain confidential records maintained by the Cuyahoga County Department of Human Services. Thus, the trial court correctly awarded appellees judgment on the pleadings with regard to R.C. 5120.37.
 {¶ 30} R.C. 5153.17 states that:
 {¶ 31} "[t]he public children services agency shall prepare and keep written records of investigations of *** children *** as are required by the department of job and family services. Such records shall be confidential, but, except as provided by division (B) of section 3107.17
of the Revised Code, shall be open to inspection by the agency, the director of the county department of job and family services, and by other persons, upon the written permission of the executive secretary." (Emphasis added.) The plain language of R.C. 5153.17 states that the public children services agency's records shall be open to inspection by "other persons" only "upon the written permission of the executive secretary." The record is devoid of any evidence that appellant obtained "written permission of the executive secretary." Accordingly, the trial court did not err in awarding appellees judgment on the pleadings.
 {¶ 32} For the foregoing reasons, appellant's assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.