JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellants, Patrick and Kimberly McLaughlin and their three minor children (collectively referred to as the "McLaughlins"), bring this appeal challenging the lower court's decision to grant summary judgment in favor of appellees, Cuyahoga County Department of Children and Family Services ("CCDCFS") and CCDCFS employees, James McCafferty, William Denihan, Kim Kuczma, Darrell Harris, Steve Barczyk, and Scott Kennedy (collectively referred to as "appellees"). After a thorough review of the record and for the reasons set forth below, we affirm.
 {¶ 2} On April 28, 2004, the McLaughlins filed their original lawsuit against CCDCFS, McCafferty, Barczyk, and Kennedy in the common pleas court. On October 26, 2004, the McLaughlins amended their complaint by naming defendants Denihan, Kuczma, and Harris. The trial court struck the amended complaint on November 30, 2004.
 {¶ 3} The McLaughlins filed a notice of voluntary dismissal on January 19, 2005 and an amended voluntary dismissal on February 4, 2005. On January 18, 2006, the McLaughlins filed Case No. CV-582072 in the common pleas court, the underlying case in this appeal, naming CCDCFS, McCafferty, Denihan, Kuczma, Harris, Barczyk, and Kennedy as defendants. Appellees filed a joint motion for summary judgment, which the trial court granted on March 13, 2007. The McLaughlins filed their timely notice of appeal on April 10, 2007. *Page 4 
 {¶ 4} A major concern during the pendency of the case below was a lack of discovery. The McLaughlins failed to respond to any of the many discovery requests made by appellees. The McLaughlins failed to request any discovery from appellees. The trial court granted appellees' motion for summary judgment based on the law and on the McLaughlins' deemed admissions and lack of contradictory evidence from the McLaughlins themselves.[1]
 {¶ 5} The following facts are not disputed. In 2000, the private adoption agency, Adopting Children Today Information/Options Network, placed three minor children in the home of William Hoogsteden in Montgomery County. In October 2000, one of the children was treated at a local Montgomery County hospital for injuries he sustained to his finger as a result of physical abuse. A referral was made to CCDCFS, and CCDCFS removed the three children from Hoogsteden's home in January 2001. The three children were then placed with Mr. and Mrs. McLaughlin in Cuyahoga County, and the children were eventually adopted by the couple.
 {¶ 6} In their 2006 complaint, the McLaughlins allege that, in or around April 2003, the children disclosed to their therapist that Hoogsteden had sexually *Page 5 
assaulted them. Counts I and III alleged that appellees were at fault for placing the children in Hoogsteden's home when appellees knew he was physically abusive and for failing to disclose to Mr. and Mrs. McLaughlin that the children had been sexually assaulted. Count II alleged that appellees failed to protect the children during their placement with Hoogsteden. Count IV alleged that appellees failed to properly train an unidentified CCDCFS employee. In granting summary judgment, the trial court dismissed the case with prejudice on all claims as to all defendants.
 {¶ 7} The McLaughlins cite two assignments of error, but because they are related to the trial court's grant of summary judgment, we address them together.
 {¶ 8} "I. Where there is a genuine issue of material fact as to whether a County Department of Children and Family Services knew that a foster parent was abusive, summary judgment is impermissibly granted.
 {¶ 9} "II. In light of the best interests of the child standard, the trial court erred in not allowing this case to proceed to trial."
 {¶ 10} The McLaughlins argue that genuine issues of material fact exist as to what appellees knew when they placed the three minor children in Hoogsteden's home and, specifically, whether appellees acted recklessly in this regard. Appellees argue they are entitled to judgment as a matter of law because Mr. and Mrs. McLaughlin[2] missed the statute of limitations as to appellees Denihan, Kuczma, and *Page 6 
Harris, and because CCDCFS and its employees are immune from liability as an agency of a political subdivision. Appellees further argue that the McLaughlins have not presented any evidence upon which the court could deny summary judgment, except for their unsupported allegations.
 {¶ 11} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 12} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 13} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, *Page 7 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact or material element of the nonmovingparty's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing that a genuine issue for trial exists. Id.
 {¶ 14} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (May 18, 1993), Scioto App. No. 92CA2052. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (Dec. 31, 1990), Cuyahoga App. No. 57742.
 {¶ 15} With respect to appellees Denihan, Kuczma, and Harris, the trial court properly granted summary judgment because the claims of Mr. and Mrs. McLaughlin are barred by the statute of limitations.
 {¶ 16} R.C. 2744.04(A) states that "[a]n action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, *Page 8 
whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code. * * *"
 {¶ 17} The McLaughlins' complaint alleges that appellees failed to disclose the sexual abuse perpetrated against the minor children. The initial disclosure of alleged sexual abuse was made in or around April 2003; therefore the McLaughlins would be required to bring their lawsuit against Denihan, Kuczma, and Harris by April 2005. Instead, they filed the instant lawsuit on January 18, 2006, thereby missing the statute of limitations by nearly ten months.
 {¶ 18} The McLaughlins' reliance on R.C. 2305.19(A),[3] Ohio's "savings statute," does not save their claims against Denihan, Kuczma, and Harris. On October 26, 2004, the McLaughlins filed an amended complaint, naming these three additional defendants; however, service was never perfected, and the trial court struck the complaint on November 30, 2004. Therefore, the savings statute does not apply to the McLaughlins' claims against these defendants, and the court properly *Page 9 
granted summary judgment on Mr. and Mrs. McLaughlins' claims as to Denihan, Kuczma and Harris.
 {¶ 19} As to the remaining claims, we find that the court properly granted summary judgment because CCDCFS and its employees are immune from liability under R.C. 2744.
 {¶ 20} The Political Subdivision Tort Liability Act, R.C. 2744 et seq., sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability. R.C. 2744.02(A) sets forth the general rule of immunity that political subdivisions are not liable in damages for the personal injuries or death of a person.Cater v. City of Cleveland, 83 Ohio St.3d 24, 1998-Ohio-421,697 N.E.2d 610.
 {¶ 21} Under R.C. 2744.02(A)(1), the first tier requires that the defendant be a political subdivision. Elston v. Howland LocalSchools, 113 Ohio St.3d 314, 317, 2007-Ohio-2070, 865 N.E.2d 845. The second tier focuses on exceptions to immunity under R.C. 2744.02(B). Id. Finally, under the third tier, if an exception was found to exist, immunity may be restored if the political subdivision asserts a defense under R.C. 2744.03. Id.
 {¶ 22} CCDCFS "is an agency within the political subdivision of Cuyahoga County" under Ohio law.[4] Appellants do not dispute this and, in fact, allege so in their complaint. (Complaint, T|3.) CCDCFS employees also fall under the protection *Page 10 
of R.C. 2744. See Sobiski v. Cuyahoga County Dept. of Children FamilyServs., Cuyahoga App. No. 84086, 2004-Ohio-6108. Under R.C. 2744.01(F), a county is a political subdivision, and the operation of a county human services department is a governmental function. R.C. 2744.01(C)(2)(m);Jackson v. Butler County Bd. of County Commrs. (1991),76 Ohio App.3d 448, 602 N.E.2d 363. Appellees, who engage in the placement of minor children in foster care, are acting within their "governmental function." The Ohio Supreme Court, in Wilson v. Stark County Dept. ofHuman Services, 70 Ohio St.3d 450, 1994-Ohio-394, 639 N.E.2d 105, held that the county department of human services engaged in a governmental function when it placed children for adoption. See, also, Tingley v.Williams County Dept. of Human Servs. (1995), 100 Ohio App.3d 385,654 N.E.2d 148, appeal not allowed, (1995), 72 Ohio St.3d 1528,649 N.E.2d 838, cert. denied, (1996), 516 U.S. 1071, 116 S.Ct. 773, 133 L.Ed.2d 725
(court held human services agency engaged in governmental function when it removed children from foster home).
 {¶ 23} Under R.C. 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Appellants do not dispute that appellees fall under R.C. 2744.02(A)(1) and were at *Page 11 
all times operating in connection with a governmental function. (Complaint, T|8.) Nor do appellants argue that an exception applies to appellees' conduct.
 {¶ 24} Under R.C. 2744.02(B), five exceptions exist that would make a political subdivision, otherwise eligible for immunity, liable for damages. The five exceptions include: negligent operation of a motor vehicle by the political subdivision's employee; negligent performance of acts by an employee of a political subdivision with respect to the political subdivision's "proprietary functions"; the political subdivision's negligent failure to keep public roads in repair; negligent creation or failure to remove physical defects in buildings and grounds; and where another section of the Ohio Revised Code expressly imposes civil liability on a political subdivision.
 {¶ 25} The first four exceptions deal with a political subdivision's negligent acts in specific cases. Here, appellants are suing CCDCFS and its employees on the theory that they acted recklessly and/or negligently with respect to placing the minor children in foster care with Hoogsteden. No evidence exists in the record to support the McLaughlins' contentions.
 {¶ 26} The McLaughlins argue that appellees knew Hoogsteden had a history of abusive behavior toward children. They cite to a criminal case against Hoogsteden in which they allege he pleaded guilty to child endangerment, but they do not provide any verification that the allegation is true and accurate. See Civ. R. 56(E). The McLaughlins have not provided the court with any evidence that there is *Page 12 
a genuine issue of material fact as to whether appellees were aware of prior allegations of abuse by or pending criminal charges against Hoogsteden. Their allegation, absent more, is insufficient.
 {¶ 27} The McLaughlins also argue that appellees should have disclosed that the children had been sexually abused by Hoogsteden; however, by their own admission, the alleged abuse was only discovered in 2003, two years after the children were removed from foster care. The McLaughlins offer no evidence upon which this court can rely that appellees acted recklessly in placing the minor children in Hoogsteden's care.
 {¶ 28} There is no other Ohio Revised Code section that imposes civil liability in this situation.[5] Furthermore, none of the exceptions under R.C. 2744.02(B) apply to remove appellees' immunity. Because we have found that immunity exists under R.C. 2744.01(A), and none of the exceptions under R.C. 2744.02(B) apply, the third tier under R.C. 2744.03 is irrelevant to our analysis, thus, we do not address it.
 {¶ 29} Finally, Count IV of the McLaughlins' complaint was properly dismissed on summary judgment. The McLaughlins claim that CCDCFS failed to properly train an unidentified employee. In the case below, they presented no evidence of any employee who was improperly trained or even any evidence as to whom they are referring. This hollow allegation cannot withstand summary judgment. *Page 13 
 {¶ 30} The McLaughlins have failed to present a case beyond the allegations in their complaint. On the basis of the law and the uncontroverted facts in this case, this court overrules the McLaughlins' two assignments of error and affirms the trial court's decision granting summary judgment on all claims as to all appellees.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] Civ. R. 56(C) states in relevant part: "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
The McLaughlins rely only on their unsupported allegations to demonstrate the existence of a genuine issue of material fact, and this court cannot rely on this evidence. Therefore, this court must take as true the evidence as presented by appellees.
[2] Appellees do not claim that the claims of the minor children are barred by the statute of limitations, only those of the parents against Denihan, Kuczma, and Harris.
[3] R.C. 2305.19(A) states: "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."
[4] R.C. 5153.02 mandates: "Each county shall have a public children services agency. Any of the following may be the public children services agency: * * * (B) A county department of job and family services; * * *"
[5] In the McLaughlins' brief in opposition to summary judgment, they argued that CCDCFS is under an obligation to report instances of abuse, and that it failed to do so here. R.C. 2151.421 makes public children services agencies the recipient of reports, not the instigators. This statute does not apply to the facts here. *Page 1