[Cite as *Hubbard v. Cleveland Metro. School Dist. Bd. of Edn.*, 195 Ohio App.3d 708, 2011-Ohio-5398.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96676**

**HUBBARD,**

APPELLEE,

v.

**CLEVELAND METROPOLITAN SCHOOL DISTRICT BOARD OF EDUCATION,**

APPELLANT.

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-706435

**BEFORE:** COONEY, J., STEWART, P.J., and S. GALLAGHER, J.

**RELEASED AND JOURNALIZED:** October 20, 2011

**APPEARANCES**

Squire, Sanders & Dempsey (US), L.L.P., Ryan A. Sobel, Frederick R. Nance, and Timothy J. Sheeran, for appellant.

Donald R. Murphy, for appellee.

COLLEEN CONWAY COONEY, Judge.

**{¶ 1}** Defendant-appellant, the Cleveland Metropolitan School District Board of Education ("the board"), appeals the trial court's denial of its motion for summary judgment. Finding merit to the appeal, we reverse and remand.

**{¶ 2}** This appeal arises from a lawsuit filed in 2009 by plaintiff-appellee, Laticia Hubbard, against the board, alleging numerous causes of action, including a claim for defamation. The board moved for summary judgment, arguing that it is immune from intentional-tort claims under R.C. 2744.02. Hubbard opposed the motion, claiming that the tort involved negligence as opposed to an intentional tort, and therefore the board is not immune. The trial court denied the board's motion for summary judgment in March 2011, finding that genuine issues of material fact exist.

**{¶ 3}** It is from this order that the board now appeals, raising one assignment of error in which it argues that the trial court erred by denying its motion for summary judgment because it is immune from intentional-tort claims under R.C. 2744.02.[1]

## Standard of Review

**{¶ 4}** Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201, as follows:

---

[1] Because this appeal involves an issue of governmental immunity, the denial of the board's motion for summary judgment constitutes a final, appealable order. See R.C. 2744.02(C); *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.

Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.

**{¶ 5}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.

### Political Subdivision Immunity

**{¶ 6}** The Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability. First, R.C. 2744.02(A) states the general rule of immunity that a political subdivision is immune from liability incurred in performing either a governmental function or a proprietary function. R.C. 2744.01(C) and 2744.01(G). However, the immunity afforded in R.C. 2744.02(A)(1) is not absolute.

**{¶ 7}** "The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political

subdivision to liability." *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 8.

{¶ 8} "If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability." Id. at ¶ 9. See also *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 697 N.E.2d 610.

{¶ 9} Because the board is a political subdivision as defined by R.C. 2744.01(F), the general grant of immunity in R.C. 2744.02(A)(1) applies in the instant case.

**Exceptions to Political Subdivision Immunity**

{¶ 10} Under the second tier of the analysis, the board argues that defamation is an intentional tort that does not fall under any of the exceptions and, therefore, the board is immune. The board relies on *Coleman v. Cleveland School Dist. Bd. of Edn.*, Cuyahoga App. Nos. 84272 and 84505, 2004-Ohio-5854, in which this court held that the school board was entitled to statutory immunity from a teacher's defamation claim because it constituted an intentional tort. Hubbard argues that the board is liable in the instant case because the slander was a negligent act that falls under one of the exceptions.

{¶ 11} In *Price v. Austintown Local School Dist. Bd. of Edn.,* 178 Ohio App.3d 256, 2008-Ohio-4514, 897 N.E.2d 700, the Seventh District Court of Appeals found that the tort of defamation could either be negligent or intentional, depending on the context. This court need not consider whether the alleged defamation is an intentional tort, nor the

impact on the board's governmental immunity,[2] because even if we assume arguendo that

Hubbard's claim is one of negligence, her cause of action still fails as a matter of law.

{¶ 12} The exceptions to governmental immunity are enumerated in R.C. 2744.02

(B)(1 through 5):

> [A] political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> (1) * * * [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle * * *.
>
> (2) * * * [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
>
> (3) * * * [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *.
>
> (4) * * * [P]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function * * *.
>
> (5) * * * [P]olitical subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision * * *.

{¶ 13} Hubbard argues that her claim falls within the R.C. 2744.02(B)(2)

exception, because the board's tort was negligent slander by one of its employees.

However, the R.C. 2744.02(B)(2) exception imposes liability on a subdivision for the

---

[2] Liability under R.C. 2744.09(B) was not raised below and thus is not part of this appeal.

negligent acts of its employees with respect to the proprietary functions of the subdivision, as opposed to governmental functions.

{¶ 14} A proprietary function is defined by R.C. 2744.01(G)(1 through 2), which states:

(1) "Proprietary function" means a function of a political subdivision that is specified in division (G)(2) of this section or that satisfies both of the following:

(a) The function is not one described in division (C)(1)(a) or (b) of this section and is not one specified in division (C)(2) of this section;

(b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons.

(2) A "proprietary function" includes, but is not limited to, the following:

(a) The operation of a hospital by one or more political subdivisions;

(b) The design, construction, reconstruction, renovation, repair, maintenance, and operation of a public cemetery other than a township cemetery;

(c) The establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system;

(d) The maintenance, destruction, operation, and upkeep of a sewer system;

(e) The operation and control of a public stadium, auditorium, civic or social center, exhibition hall, arts and crafts center, band or orchestra, or off-street parking facility.

{¶ 15} Although Hubbard maintains that her claim was based on negligent acts of a board employee while engaged in a proprietary function of the subdivision, her actual defamation claim is premised on facts that illustrate that the board employee was engaged in a governmental function at the time of the incident. The parties do not dispute that

the alleged slanderous remarks were made by a school-board employee, while on school grounds, during a school function. The act of providing a public education is specifically defined by R.C. 2744.01(C)(2)(c) as a governmental function. The operation of a public school is a governmental function. *Coleman*, 2004-Ohio-5854, at ¶ 66.

{¶ 16} It follows that this employee acted in the course of a governmental function at the time of the alleged incident. "[W]ith respect to governmental functions, political subdivisions retain their cloak of immunity from lawsuits stemming from employees' negligent or reckless acts." *Wilson v. Stark Cty. Dept. of Human Servs.* (1994), 70 Ohio St.3d 450, 639 N.E.2d 105. Hubbard has not supported her argument that the circumstances constitute a proprietary function with any case law or additional facts.

{¶ 17} Thus, as was the case in *Price*, 178 Ohio App.3d 256, 2008-Ohio-4514, 897 N.E.2d 700, Hubbard's claim involves a board employee engaged in a governmental function at the time of the act in question, and "governmental functions retain the blanket protection of statutory immunity for both negligence and intentional torts." Id. at ¶ 32. Therefore, Hubbard's argument fails as a matter of law because the employee was not engaged in a proprietary function and none of the other R.C. 2744.02(B) exceptions are applicable. Thus, the board is entitled to summary judgment on this claim.

{¶ 18} Accordingly, the sole assignment of error is sustained.

{¶ 19} The judgment is reversed, and the matter is remanded with instructions for the trial court to enter summary judgment in favor of the board on the defamation claim.

Judgment reversed

and cause remanded.

STEWART, P.J., and GALLAGHER, J., concur.