[Cite as *Rid-All Exterminating Corp. v. Cuyahoga Metro. Hous. Auth.*, 2012-Ohio-5074.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98174**

---

# RID-ALL EXTERMINATING CORP., ET AL.

PLAINTIFFS-APPELLEES

vs.

# CUYAHOGA METROPOLITAN HOUSING AUTHORITY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-774506

**BEFORE:** Stewart, P.J., Sweeney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 1, 2012

**ATTORNEYS FOR APPELLANT**

Kathryn M. Miley
Ernest L. Wilkerson, Jr.
Wilkerson & Associates Co., LPA
1422 Euclid Avenue, Suite 248
Cleveland, OH    44115


**ATTORNEY FOR APPELLEE**

Ann S. Vaughn
6140 West Creek Road, Suite 204
Independence, OH 44131

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellee Rid-All Exterminating Corporation filed this action against defendant-appellant Cuyahoga Metropolitan Housing Authority ("CMHA"), asserting claims for breach of contract, promissory estoppel, defamation, fraud, and disparate treatment. CMHA sought dismissal of all but the contract claim on grounds that it was immune to suit. The court denied the motion to dismiss without opinion. This appeal is taken pursuant to R.C. 2744.02(C) and the sole assignment of error is that the court erred by denying the motion to dismiss.

I

{¶2} We use a de novo standard of review for motions to dismiss filed pursuant to Civ.R. 12(B)(6), *Greeley v. Miami Valley Maintenance Contrs., Inc*., 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), and accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). A motion to dismiss for failure to state a claim upon which relief can be granted can only be granted when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling it to relief. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14.

{¶3} There is a three-tiered analysis to determine whether a political subdivision is entitled to immunity from civil liability pursuant to R.C. Chapter 2744. *Hubbard v.*

*Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 54, ¶ 10. We first determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with a governmental or a propriety function. If the political subdivision is entitled to immunity, we next consider whether the plaintiff has shown that there are any exceptions to immunity under R.C. 2744.02(B). If there are exceptions to immunity, we then consider whether the political subdivision can assert one of the defenses to liability under R.C. 2744.03. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610.

## II

{¶4} It is undisputed that CMHA is a political subdivision. R.C. 2744.01(F). Although Rid-All contends that the function of contracting with exterminating companies to perform extermination services is a proprietary function, the Ohio Supreme Court has held that the "operation" of a public housing authority is the performance of a governmental function. *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, syllabus. Day-to-day maintenance of public housing facilities, including the extermination of insects or pests, relates to the "operation" of a housing facility and so constitutes a governmental function that qualifies for immunity under R.C. 2744.02(A)(1).

{¶5} In *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 199, 2006-Ohio-4251, 852 N.E.2d 716, the syllabus states: "The doctrines of equitable estoppel and promissory estoppel are inapplicable against a political subdivision when the political subdivision is

engaged in a governmental function." Having found that the employment of extermination services falls within the operation of a public housing authority as a governmental function, *Hortman* makes the city immune to any claim of promissory estoppel. CMHA was entitled to immunity on the promissory estoppel claim contained in the second count of the complaint and the court erred by refusing to dismiss that claim.

III

{¶6} In the third count of its complaint, Rid-All alleged that CMHA defamed Rid-All's reputation by maligning it in emails sent to CMHA residents. Rid-All did not, however, provide the substance of the alleged defamatory statements.

{¶7} As previously noted, a public housing authority's use of extermination services relates to a governmental function. None of the exceptions to governmental immunity apply to defamation claims stemming from the performance of a governmental function, regardless of whether the defamation is alleged to be intentional or negligent. *See Hubbard v. Cleveland Metro. School Dist. Bd. of Edn.*, 195 Ohio App.3d 708, 2011-Ohio-5398, 961 N.E.2d 722 (8th Dist.); *Price v. Austintown Local School Dist. Bd. of Edn.*, 178 Ohio App.3d 256, 2008-Ohio-4514, 897 N.E.2d 700, ¶ 32 (7th Dist.). The court erred by refusing to dismiss the defamation claim contained in the third count of the complaint because CMHA was immune.

IV

{¶8} The fraud claim contained in the fourth count of the complaint alleged that CMHA failed to provide Rid-All with "monthly periodicals" that would detail how much of its yearly contract amount was expended and how much it had available under each contract, thus allowing CMHA to "shortchange" it on the contract price.

{¶9} The court erred by denying CMHA's motion to dismiss the fraud claim because "there are no exceptions to immunity for the intentional tort[ ] of fraud * * *." *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 452, 1994-Ohio-394, 639 N.E.2d 105 (1994); *see also Charles Gruenspan Co., LPA v. Thompson*, 8th Dist. No. 80748, 2003-Ohio-3641, ¶ 48 ("As a general principle, political subdivisions are not liable in damages unless a specific exception to that immunity exists. This applies particularly to intentional tort claims of fraud and intentional infliction of emotional distress.").

{¶10} Rid-All's citation to *Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 2010-Ohio-3415, 935 N.E.2d 98, *aff'd,* 131 Ohio St.3d 418, 2012-Ohio-570, 966 N.E.2d 247, as authority for the proposition that an exception exists to immunity for fraud claims is not on point. *Sampson* addressed the issue whether R.C. 2744.09(B), containing exceptions to political subdivision immunity from tort liability, applies in a civil action for damages filed by an employee who alleges that his political subdivision employer committed an intentional tort against him and engaged in negligent conduct. Rid-All was not a CMHA employee, so the law set forth in *Sampson* does not apply.

V

{¶11} The fifth count of the complaint sets forth two claims of disparate treatment: (1) that CMHA intentionally refused to provide Rid-All with an accounting of shortages paid for services and (2) that as a minority business enterprise, it was entitled to be paid on a 15-day-net period as opposed to other contractors who were paid on a 30-day-net period, and that CMHA's failure to pay within the 15-day period meant that nonminority business enterprises "received systematically better treatment" than Rid-All received.

{¶12} Ordinarily, political subdivisions lose their immunity from "[c]ivil claims based upon alleged violations of the constitution or statutes of the United States, except that the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions." R.C. 2744.09(E). Rid-All's claim of "disparate treatment" is that its status as a minority business enterprise "is a motivating factor in [CMHA's] treatment toward [Rid-All]." Nowhere in the complaint does Rid-All state what statutes or constitutional provisions were allegedly violated by CMHA. On this basis alone, Rid-All cannot invoke R.C. 2744.09(E) and CMHA's immunity remains intact.

{¶13} Rid-All argues on appeal that its reference to "disparate treatment" was an attempt to claim that CMHA engaged in racial discrimination under the Equal Protection Clause to the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause requires that all similarly situated individuals be treated in a similar manner. *Discount Cellular, Inc. v. Pub. Util. Comm. of Ohio*, 112 Ohio St.3d 360, 2007-Ohio-53, 859 N.E.2d 957, at ¶ 31, citing *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, at ¶ 6.

{¶14} Rid-All did not allege that it was similarly situated to other exterminating contractors working for CMHA. To the contrary, it alleged that as a minority business enterprise it was entitled to be treated more favorably than other contractors and should have been paid within 15 days of submitting its invoices instead of the 30 days used for nonminority business enterprises. This is not a discrimination claim based on unequal treatment. It is a contract claim based upon CMHA's alleged promise to pay minority business enterprise invoices more quickly than invoices submitted by nonminority business enterprises.

{¶15} It follows that the exception to immunity set forth in R.C. 2744.09(E) does not apply. The court erred by failing to dismiss the fifth count of the complaint.

VI

{¶16} In conclusion, we find that the court erred by denying CMHA's motion to dismiss counts two through five of the complaint because CMHA was entitled to immunity on those claims and there were no exceptions to immunity. The assigned error is sustained.

{¶17} This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of    appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KENNETH A. ROCCO, J., CONCUR