[Cite as *Hubbard v. Cleveland Metro. School Dist.*, 2013-Ohio-1028.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98304**

## LATICIA HUBBARD

PLAINTIFF-APPELLANT

vs.

## CLEVELAND METROPOLITAN SCHOOL DISTRICT, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-706435

**BEFORE:** Kilbane, J., Stewart, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEY FOR APPELLANT**

Donald R. Murphy
12800 Shaker Boulevard
Cleveland, Ohio 44120

**ATTORNEYS FOR APPELLEES**

Ryan A. Sobel
Frederick R. Nance
Timothy J. Sheeran
Squire Sanders (US) L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114-1304

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiff-appellant, Laticia Hubbard ("Hubbard"), appeals the trial court's judgment, rendered after a jury verdict, in favor of defendant-appellee, Cleveland Metropolitan School District, Board of Education ("Board"). For the reasons set forth below, we affirm.

**{¶2}** In October 2009, Hubbard filed a lawsuit against the Board and a number of individual Board employees and consultants. In her original complaint, Hubbard asserted the following three causes of action: (1) violation of administrator contract rights under R.C. 3319.02; (2) age discrimination in violation of R.C. 4112.14; and (3) skin-color discrimination in violation of R.C. 4112.02. Hubbard was employed by the Board as the principal of the Early Childhood Development Center. Hubbard alleges that she was demoted to assistant principal because of her skin color and age and was not allowed to serve the remainder of her principal contract.

**{¶3}** In December 2009, Hubbard filed a first amended complaint. She reasserted the violation of administrator contract rights, age discrimination, and skin-color discrimination causes of action and added a fourth cause of action — sexual harassment under R.C. 4112.99. She named former Board employee Marsha Brooks ("Brooks") as the alleged defendant-harasser. Specifically, she alleged in the fourth cause of action that:

> 22. The allegations of paragraphs one (1) through twenty [sic] (21) are
> re-alleged as if fully rewritten herein.

23. Plaintiff was sexually harassed by her direct supervisor Marsha Brooks, and when Plaintiff refused Defendant Brooks['s] advances and invitations to go to bed with Brooks, Plaintiff became the target of abuse by other administrators who were and continue to be friends of Marsha Brooks, and the employer and its supervisory employees and agents knew or should have known and taken immediate corrective action and did not[, which] caused Plaintiff great emotional and psychological distress.

24. As a result of the several Defendants['] actions and inactions, all Defendants created a hostile work environment and emotional distress, Plaintiff resigned her position prior to her working in the demoted and lesser responsibility and lesser position of Assistant Principal. Defendants are in violation of the sexual harassment statute under Section 4112.02(A)(1)(a), (b), and (c) of the Ohio Revised Code.

{¶4} In February 2010, the trial court dismissed Hubbard's age discrimination claim under R.C. 4112.14 because Hubbard was 35 years old at the time and the statute does not provide a cause of action for individuals under the age of 40.

{¶5} Then in August 2010, Hubbard filed a second amended complaint. In this complaint, Hubbard also presented four causes of action. She again reasserted the violation of administrator contract rights, age discrimination, and skin-color discrimination causes of action, but replaced the sexual harassment cause of action with a slander cause of action, and dismissed Brooks as a defendant. Now, she alleged in the fourth cause of action that:

22. The allegations of Paragraphs one (1) through seventeen [sic] (21) are re-alleged as if fully rewritten herein.

23. Defendant Preston and all Defendants collectively slander Plaintiff's name personally a[nd] her professional reputation in violation of law.

24. Defendants did make false allegations against Plaintiff committing criminal acts of illegal fundraising and theft to parents. *See* Exhibit A.[1]

25. Defendants did collude to make allegations against Plaintiff in an effort to coerce her into a lesbian relationship.

26. Plaintiff, as further direct and proximate result of slander, has suffered extreme emotional and psychological distress.

{¶6} The Board moved for summary judgment, arguing it is immune from intentional torts under R.C. 2744.02. Hubbard opposed, and the trial court denied the motion. The Board filed an interlocutory appeal to this court in *Hubbard v. Cleveland Metro. School Dist.*, 195 Ohio App.3d 708, 2011-Ohio-5398, 961 N.E.2d 722 (8th Dist.). On appeal, we found that the Board was entitled to summary judgment on the slander claim and remanded the matter for the trial court to enter summary judgment in the Board's favor. *Id.* at ¶ 19.

{¶7} After our remand, Hubbard amended her complaint a third time in December 2010. Hubbard amended her complaint by:

1. [Amending] the name of the defendant to read as follows: "The Cleveland Metropolitan School District, Board of Education."
2. [Deleting] all of the defendants named in the original complaint and the subsequent amended complaints with the exception of The Cleveland Metropolitan School District Board of Education.

---

[1]Exhibit "A" refers to a written statement of a parent detailing the alleged slanderous remarks against Hubbard.

3. [Deleting] par 14 as contained in the Second Cause of action pertaining to Age Discrimination as a factor in the complaint and all subsequent complaints.

{¶8} As a result of our remand and Hubbard's third amendment to her complaint, the violation of administrator contract rights and skin-color discrimination claims remained as the sole causes of action for trial. Prior to trial, the Board filed a motion in limine to exclude any evidence regarding sexual harassment allegations based on the absence of such a claim in Hubbard's pleadings. Hubbard did not oppose the motion. Rather, she stated that she "has no intention of submitting testimony or exhibits pertaining to sexual harassment as per the court's order therefore oral argument is not necessary[.]"[2] The trial court denied the Board's motion as moot on March 22, 2012, stating that Hubbard's "response to said motion stipulates that there is no sexual harassment claim pending." On March 26, 2012, the parties filed a joint proposed statement of the case for the jury, stating that Hubbard is "asserting two claims against the School Board: (1) that the School Board allegedly discriminated against her based on her skin color, in violation of R.C. 4112.02(A); and (2) that the School Board allegedly violated her contract rights under R.C. 3319.02(C)."

{¶9} The matter proceeded to trial on March 29, 2012, on the violation of administrator contract rights and color discrimination causes of action. At trial, Hubbard

---

[2]We note that Hubbard failed to reference in the record where the court ordered her not to pursue her sexual harassment claim as required by App.R. 12. Furthermore, Hubbard failed to supplement the record under App.R. 9 with a statement of the proceedings if no transcript was available.

never attempted to reassert her sexual harassment claim. Ultimately, the jury returned verdicts in the Board's favor on both claims. The trial court then entered judgment in the Board's favor.

**{¶10}** It is from this order that Hubbard appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR

The trial court erred in not holding to its disposition of [Hubbard's] sexual harassment claim on summary judgment in violation of Section 3(B)(2), Article IV of the Ohio Constitution.

**{¶11}** In Hubbard's sole assignment of error, she argues that the trial court erred in not allowing her to proceed at trial with her sexual harassment cause of action. She claims that when she amended her complaint, the second time in August 2010, she included a claim of defamation along with her sexual harassment claim in the fourth cause of action. She argues that the second amended complaint reverted back to the first amended complaint under Civ.R. 15(C). She contends that her sexual harassment claim was set forth in paragraph 25 of the second amended complaint, which states that: "[d]efendants did collude to make allegations against Plaintiff in an effort to coerce her into a lesbian relationship." On the other hand, the Board argues that Hubbard abandoned her sexual harassment cause of action when she amended her complaint the second time in August 2010. We agree.

**{¶12}** Civ.R. 15(C), which pertains to the relation back of amendments to pleadings, states that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

{¶13} Civ.R. 15(C) does not address whether amendments to pleadings are cumulative as Hubbard contends. The rule addresses the circumstances under which a new claim asserted in an amended pleading may be treated as if it had been brought at the time the action was first commenced. "[T]he purpose of the rule is to ameliorate the effect of the statute of limitations in certain situations." *Hardin v. Divelbliss*, 8th Dist. No. 54855, 1989 Ohio App. LEXIS 709 (Mar. 2, 1989). Rather, it is well established that an amended pleading constitutes an abandonment of a previous similar pleading. As the Ohio Supreme Court stated in *Wrinkle v. Trabert*, 174 Ohio St. 233, 188 N.E.2d 587 (1963), paragraph three of the syllabus, "[t]he substitution of an amended petition for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one. (Paragraph one of the syllabus in *Grimm v. Modest*, 135 Ohio St. 275, *approved and followed*.)" "The earlier pleading becomes functus officio."[3] *State ex rel. Talaba v. Moreland*, 132 Ohio St. 71, 75, 5 N.E.2d 159 (1936).

---

[3] Functus officio is defined as "having fulfilled the function * * * or accomplished the purpose, and therefore of no further force or authority. Applied to an * * * instrument, * * * which has fulfilled the purpose of its creation, and is

**{¶14}** Here, Hubbard's original complaint did not contain a sexual harassment cause of action, nor did it name Brooks as the alleged defendant-harasser. She alleged causes of action for violation of administrator contract rights, age discrimination, and skin-color discrimination. In December 2009, Hubbard filed a first amended complaint that added sexual harassment as the fourth cause of action. Specifically, she alleged:

> 23. Plaintiff was sexually harassed by her direct supervisor Marsha Brooks, and when Plaintiff refused Defendant Brooks['s] advances and invitations to go to bed with Brooks, Plaintiff became the target of abuse by other administrators who were and continue to be friends of Marsha Brooks, and the employer and its supervisory employees and agents knew or should have known and taken immediate corrective action and did not this caused Plaintiff great emotional and psychological distress.

> 24. As a result of the several Defendants actions and inactions, all Defendants created a hostile work environment and emotional distress, Plaintiff resigned her position prior to her working in the demoted and lesser responsibility and lesser position of Assistant Principal. Defendants are in violation of the sexual harassment statute under Section 4112.02(A)(1)(a)(b) and (c) of the Ohio Revised Code.

**{¶15}** Then in August 2010, Hubbard filed her second amended complaint. In this complaint, she reasserted the violation of administrator contract rights, age discrimination, and skin-color discrimination causes of action, but replaced the fourth cause of action and dismissed Brooks as a defendant. Hubbard now asserted that:

> 23. Defendant Preston and all Defendants collectively slander Plaintiff's name personally a[nd] her professional reputation in violation of law.

> 24. Defendants did make false allegations against Plaintiff committing criminal acts of illegal fundraising and theft to parents. See Exhibit A.

---

therefore of no further virtue or effect." *Black's Law Dictionary* 606 (5th Ed.1979).

25. Defendants did collude to make allegations against Plaintiff in an effort to coerce her into a lesbian relationship.

26. Plaintiff, as further direct and proximate result of slander, has suffered extreme emotional and psychological distress.

{¶16} When reading the second amended complaint in conjunction with the first and third amended complaints, we find that Hubbard abandoned her sexual harassment cause of action. Nowhere in the second amended complaint does Hubbard mention Brooks, "sexual harassment," or refer to what she previously characterized as violations of the sexual harassment statute under R.C. 4112.02(A)(1)(a),(b), and (c). Rather, in Hubbard's third amendment to her complaint, she specifically dismissed all defendants, except the Board. Furthermore, Hubbard never amended her complaint at trial to reassert her sexual harassment cause of action under Civ.R. 15(B).[4] Instead, she filed a joint statement of the case and jury interrogatories that omitted any reference to a sexual harassment cause of action. Thus, we find that Hubbard abandoned her sexual harassment cause of action and any claim to relief based thereon.

{¶17} Therefore, the sole assignment of error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[4]Civ.R. 15(B) provides in pertinent part: "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment."

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and
EILEEN T. GALLAGHER, J., CONCUR